UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| JAMES B., | Case No. 3:20-cv-01158-AC |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| COMMISSIONER SOCIAL SECURITY ADMINISTRATION, | |
| Defendant. | |

ACOSTA, Magistrate Judge:

Plaintiff James B.[1] ("Plaintiff") seeks judicial review of the final decision of the Commissioner of Social Security denying his application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("Act"), 42 U.S.C. §§ 1381-1383f.  This court has jurisdiction pursuant to 42 U.S.C. § 1383(c)(3).  All parties have consented to allow a magistrate

---

[1] In the interest of privacy, this Opinion and Order uses only the first name and the initial of the last name of the non-governmental party in this case.

Page 1 – OPINION AND ORDER

judge to enter final orders and judgment in this case in accordance with 28 U.S.C. § 636(c). For the reasons set forth below, the Commissioner's final decision is AFFIRMED.

*Procedural Background*

Plaintiff protectively filed for DIB on November 14, 2017, alleging disability beginning January 1, 2009, due to fibromyalgia, back pain, depression, anxiety, and attention-deficit disorder ("ADD"). Tr. Soc. Sec. Admin. R. ("Tr.") at 157–58, 180, ECF No. 11. Plaintiff amended the alleged onset date to January 16, 2013. Tr. 13, 43. Plaintiff's date last insured ("DLI") for benefits was December 31, 2014. Tr. 168. His application was initially denied on March 27, 2018, and upon reconsideration on July 18, 2018. Tr. 94, 100. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), which took place on July 9, 2019. Tr. 28–47. After receiving testimony from Plaintiff and a vocational expert ("VE"), the ALJ issued a decision on August 20, 2019, finding Plaintiff not disabled within the meaning of the Act. Tr. 10–27. The Appeals Council denied Plaintiff's request for review on May 13, 2020. Tr. 1–3. Therefore, the ALJ's decision is the Commissioner's final decision and subject to review by this court. 20 C.F.R. § 416.1481.

Plaintiff was born on September 21, 1969, was thirty-nine on his alleged onset date, and forty-five on the date of the ALJ's decision. Tr. 66. Plaintiff has at least a high school education and has past relevant work as a bus driver. Tr. 181–82.

*The ALJ's Decision*

At step one, the ALJ determined that Plaintiff has not engaged in substantial gainful employment since January 16, 2013, the alleged onset date. Tr. 16. At step two, the ALJ determined that Plaintiff has the following severe impairments: fibromyalgia, and status post discectomy and fusion of the cervical spine. Tr. 16. At step three, the ALJ determined that

Page 2 – OPINION AND ORDER

Plaintiff's severe impairments, singly or in combination, do not meet or equal the listing criteria of 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, and 404.1526) and the criteria of listings 1.04, 1.00(B)(2)(b), and 14.06.   Tr. 18.

The ALJ determined that Plaintiff has the residual functional capacity ("RFC") to perform light work as defined in 20 CFR 404.1567(b) except:   Plaintiff could lift and carry twenty pounds occasionally and ten pounds frequently; Plaintiff could occasionally climb ramps and stairs but no other climbing; Plaintiff could occasionally balance, stoop, kneel, crouch, and crawl; and the Plaintiff could occasionally do overhead work above the shoulders.   Tr. 18.   At step four, the ALJ determined that Plaintiff was unable to perform past relevant work.   Tr. 21.   At step five, the ALJ found that considering Plaintiff's age, education, work experience, and RFC, jobs exist in significant numbers in the national economy that Plaintiff can perform, including such relevant occupations as assembler, and office helper.   Tr. 22–23.   Accordingly, the ALJ found that Plaintiff was not disabled under the Act and denied his application for disability benefits.   Tr. 23.

*Issues for Review*

Plaintiff asserts the ALJ made the following errors:   (1) improperly rejected Plaintiff's subjective symptom testimony; (2) improperly rejected the opinion of Plaintiff's treating doctor; and (3) the ALJ's step five findings are unsupported by substantial evidence.   (Pl.'s Br., ECF No. 12, at 2.)   The Commissioner argues the ALJ's decision is supported by substantial evidence and is free of legal error.   (Def.'s Br., ECF No. 16, at 2.)

*Standard of Review*

The district court must affirm the Commissioner's decision if the Commissioner applied proper legal standards and the findings are supported by substantial evidence in the record.   42 U.S.C. § 405(g); *Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017).   Substantial evidence is

Page 3  – OPINION AND ORDER

"more than a mere scintilla" and is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (internal quotation and citation omitted); *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020); *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014).  To determine whether substantial evidence exists, the court must weigh all the evidence, whether it supports or detracts from the Commissioner's decision.  *Trevizo*, 871 F.3d at 675; *Garrison*, 759 F.3d at 1009.  "'If the evidence can reasonably support either affirming or reversing,' the reviewing court 'may not substitute its judgment' for that of the Commissioner."  *Gutierrez v. Comm'r Soc. Sec. Admin.*, 740 F.3d 519, 523 (9th Cir. 2014) (quoting *Reddick v. Chater*, 157 F.3d 715, 720-21 (9th Cir. 1996)).

*Discussion*

I.    The ALJ Did Not Err in Evaluating Plaintiff's Subjective Symptom Testimony

   *A.    Standards*

When a claimant has medically documented impairments that could reasonably be expected to produce some degree of the symptoms complained of, and the record contains no affirmative evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of . . . symptoms only by offering specific, clear and convincing reasons for doing so." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996) (citation omitted).  A general assertion that the claimant is not credible is insufficient; the ALJ must "state which . . . testimony is not credible and what evidence suggests the complaints are not credible." *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).  The proffered reasons must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (internal citation omitted).  If the "ALJ's credibility

finding is supported by substantial evidence in the record, [the court] may not engage in second-guessing." *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002) (citation omitted).

Effective March 28, 2016, the Commissioner superseded Social Security Ruling ("SSR") 96-7p, governing the assessment of a claimant's "credibility," and replaced it with SSR 16-3p. *See* SSR 16-3p, available at 2016 WL 1119029.  SSR 16-3p eliminates the reference to "credibility," clarifies that "subjective symptom evaluation is not an examination of an individual's character," and requires the ALJ to consider all the evidence in an individual's record when evaluating the intensity and persistence of symptoms. *Id.* at *1–2. The ALJ must examine "the entire case record, including the objective medical evidence; an individual's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by medical sources and other persons; and any other relevant evidence in the individual's case record." *Id.* at *4.

  B.  *Analysis*

Here, the ALJ found Plaintiff's "medically determinable impairments could reasonably be expected to cause some of the alleged symptoms" and did not identify evidence of malingering. Tr. 19. However, the ALJ concluded Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." Tr. 19. In particular, the ALJ cited the medical record and other evidence to support the decision. Plaintiff argues the ALJ failed to identify clear and convincing reasons for discounting his subjective symptom testimony. (Pl.'s Br. at 12–16.) The court disagrees.

/ / / / /

/ / / / /

1.  Objective Medical Evidence

"An ALJ does not provide specific, clear, and convincing reasons for rejecting a claimant's testimony by simply reciting the medical evidence in support of his or his residual functional capacity determination." *Brown-Hunter v. Colvin*, 806 F. 3d 487, 489 (9th Cir. 2015). Instead, "the ALJ must specifically identify the testimony she or he finds not to be credible and must explain what evidence undermines the testimony." *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001); *see also Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (holding the reasons proffered must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discount the claimant's testimony."). Additionally, although lack of supporting medical evidence cannot form the sole basis for discounting subjective pain testimony, it is a factor the ALJ can consider. *See Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005).

In the decision, the ALJ notes Plaintiff's complaints of neck pain and fibromyalgia, adding that Plaintiff testified he continues to experience pain in his neck despite surgery and that pain limits his "movement to the left" and pain radiates down his right arm, shoulder, lower back, and right leg. Tr. 19. The ALJ also notes Plaintiff occasionally experiences tingling and numbness in the right arm and he "sometimes has difficulty lifting with the right hand and drops things." Tr. 19. Furthermore, the ALJ notes Plaintiff testified he can only sit or stand for brief periods and stress triggers his fibromyalgia. Tr. 19. Finally, the ALJ notes Plaintiff testified physical therapy was "helpful" and his primary care physician prescribes pain medication. Tr. 19.

After careful consideration of the evidence, the ALJ determined "the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." Tr. 19. To support that finding, the ALJ cited extensively to the

medical record. With respect to Plaintiff's alleged fibromyalgia, the ALJ noted Plaintiff's treatment was conservative. Tr. 19. The ALJ further observed:

> In September of 2013 and February of 2014, the claimant presented to the emergency department complaining of abdominal pain and pain in his left shoulder, respectively[]. Emergency providers noted his pain, prescribed medication, and discharged him home[]. Notably, in August of 2014, the claimant's primary care physician's treatment notes reflected that he was previously on several medications, including pain medication, but is "off all these now and feeling pretty good"[]. In October of 2014 he reported that his pain was a little worse due to the weather change, but that he continued to exercise, walk dogs, and take breaks[]. His provider continued to prescribe medication[]. Treatment notes reflected both positive and negative findings, including that the claimant had decent range of motion of his left shoulder but with tenderness over the left trapezius area, and walked with a limp, but no reference to using an assistive device. Despite a lack of specialized treatment, and periods with no medication, the record does not reflect exacerbation of the claimant's fibromyalgia required inpatient hospitalization or ongoing treatment from the emergency department.

Tr. 19–20 (citing Tr. 328–29, 331, 433, 424–25).

With respect to Plaintiff's alleged cervical spine impairment, the ALJ found the physical examination findings did not support the Plaintiff's alleged level of limitation. Specifically, the ALJ stated:

> In August of 2014, the claimant's provider noted that he hasda [sic] long history of chronic pain and fatigue, secondary to surgery of the cervical spine for bone spurs and bulging discs[]. As mentioned above, the claimant was prescribed medication from his primary care physician for his pain, though the record reflected him not always taking medication as prescribed[]. Treatment notes reflected both positive and negative findings, including that the claimant had decent range of motion of his left shoulder but with tenderness over the left trapezius area, and walked with a limp, but no reference to using an assistive device. Despite a lack of specialized treatment, and periods with no medication, the record does not reflect exacerbation of the claimant's cervical spine that has required inpatient hospitalization or ongoing treatment from the emergency department.

Tr. 20 (citing Tr. 515, 433). The ALJ noted Plaintiff's treatment of fibromyalgia, including medication prescribed by his primary care physician, coupled with no treatment from a specialist, was conservative and the record did not reflect any provider recommending aggressive treatment

or additional surgery for Plaintiff's cervical pain, which is reflected in the limitations the ALJ set forth in Plaintiff's RFC. Tr. 18. Therefore, the court concludes the ALJ's first rationale provides a specific, clear, and convincing reason for discounting Plaintiff's subjective symptom testimony.

        2.        Other Evidence

"Other evidence" includes: the claimant's hearing testimony and any other information the claimant provides regarding symptoms at any step of the administrative process. 20 C.F.R. §§ 404.1529(c)(1)-(3), 416.929(c)(1)-(3); SSR 16-3p, at *6-9. "Other evidence" factors are identified in the regulations as a single list. The list includes three primary domains: claimant's activities of daily living; claimant's reported descriptions of symptoms; and claimant's treatment history. 20 C.F.R. §§ 404.1529(c)(3)(i)-(vii), 416.929(c)(3)(i)-(vii).

        a.        Activities of Daily Living

An ALJ may invoke activities of daily living in the context of discrediting subjective symptom testimony to (1) illustrate a contradiction in previous testimony or (2) demonstrate that the activities meet the threshold for transferable work skills. *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007).

The ALJ noted Plaintiff's extensive descriptions about his symptoms and how they affected his daily activities, explaining he continues to experience pain in his neck despite surgery and that pain limits his "movement to the left" and pain radiates down his right arm, shoulder, lower back, and right leg. Tr. 19. The ALJ also notes Plaintiff occasionally experiences tingling and numbness in the right arm and he "sometimes has difficulty lifting with the right hand and drops things," and stress triggers his fibromyalgia. Tr. 19. Furthermore, the ALJ noted Plaintiff testified he can "only sit or stand for brief periods, can walk for twenty minutes, and can lift a half-gallon of milk." Tr. 19. The ALJ contrasted Plaintiff's complaints with his report "that his pain

Page 8 – OPINION AND ORDER

was a little worse due to the weather change, but that he continued to exercise, walk dogs, and take breaks." Tr. 19 (citing Tr. 424).

The ALJ reasonably used Plaintiff's activities of daily living to illustrate contradictions in his testimony and thus reasonably rejected Plaintiff's symptom testimony on this basis. *See Orn, 495 F.3d at 639*. Contradictory statements are a clear and convincing reason to reject symptom testimony. *Bruton v. Massanari*, 268 F.3d 824, 828 (9th Cir. 2001). In sum, the ALJ's interpretation was reasonable and the ALJ made the requisite specific findings to reject Plaintiff's subjective symptom testimony.

Furthermore, the ALJ's reasoning is supported by substantial evidence in the record. *See* Tr. 36 (When asked if physical therapy was helpful, Plaintiff replied: "It does help. I actually do—my first physical therapist when I first got diagnosed, he had a bunch of exercises for me which I do and I also try to do some—I have been known to do some Tai Chi on occasion."); Tr. 36 (When asked if physical therapy and Tai Chi hurts or makes pain worse, Plaintiff replied: "No. As long as I do it slow motion where it gets done, I don't believe."); Tr. 388 (Treating physician Dr. Bryden noted Plaintiff "tries to do Tai Chi daily btu [sic] doesnt [sic] always get to it.); Tr. 39 (Plaintiff stated, "I have been known to be able to sit and watch a movie, but I usually try to do up and down movements all day."); Tr. 39 (Plaintiff stated after twenty minutes of walking he is a "[l]ittle fatigued," and sometimes he is unable to "get through it and [has] to stop somewhere and finish it up."); Tr. 41 (Plaintiff stated his pain is "between three and five" on a pain scale of one to ten, ten indicating the worst pain. Furthermore, Plaintiff stated "I think I have probably more bad days than good," but stated "at least four out of seven days" are worse than others.); Tr. 433 (Treating physician Dr. Bryden notes Plaintiff "was on several rx meds including [sic] gabapentin, zoloft, zanaflex, tramadol, vitamins and testosterone but off all these now and feeling pretty godd

Page 9 – OPINION AND ORDER

[sic]."); Tr. 515 (Treating physician Dr. Bryden notes Plaintiff "no longer on pain meds and has learned to cope with his pain which is constantly at a level 3-4/10."). Because the ALJ's findings are supported, they must be upheld. See *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004) (holding if evidence exists to support more than one rational interpretation, the court is bound to uphold the ALJ's findings).

III.    The ALJ Did Not Err in Evaluating Medical Evidence

    *A.    Standards – Medical Opinions*

Plaintiff filed his application for benefits on November 14, 2017. For claims filed on or after March 27, 2017, Federal Regulation 20 C.F.R. § 404.1520c governs how an ALJ must evaluate medical opinion evidence under Title II and 20 C.F.R. § 416.920c governs under Title XVI. *Revisions to Rules Regarding the Evaluation of Medical Evidence* (*Revisions to Rules*), 82 Fed. Reg. 5844, *available at* 2017 WL 168819 (Jan. 18, 2017).

Under these new regulations, ALJs no longer "weigh" medical opinions, but rather determine which are most "persuasive." 20 C.F.R. §§ 404.1520c(a)-(b), 416.920c(a)-(b). To that end, controlling weight is no longer given to any medical opinion. *Revisions to Rules*, 82 Fed. Reg. at 5867-68; *see also* 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Instead, the Commissioner evaluates the persuasiveness of all medical opinions based on (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) other factors, such as "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of our disability program's policies and evidentiary requirements." 20 C.F.R. §§ 404.1520c(a), (c)(1)-(5), 416.920c(a), (c)(1)-(5). The factors of "supportability" and "consistency" are considered to be "the most important factors" in the evaluation process. 20 C.F.R. §§ 404.1520c(c), 416.920c(c). The new regulations require an ALJ to articulate how

Page 10 – OPINION AND ORDER

persuasive the ALJ finds the medical opinions and to explain how the ALJ considered the supportability and consistency factors. 20 C.F.R. §§ 404.1520c(a), (b), 416.920c(a), (b); *see Tyrone W. v. Saul*, No. 3:19-CV-01719-IM, 2020 WL 6363839, at *7 (D. Or. Oct. 28, 2020).

"The ALJ may but is not required to explain how other factors were considered, as appropriate, including relationship with the claimant (length, purpose, and extent of treatment relationship; frequency of examination); whether there is an examining relationship; specialization; and other factors, such as familiarity with other evidence in the claim file or understanding of the Social Security disability program's policies and evidentiary requirements." *Linda F. v. Comm'r Soc. Sec. Admin.*, No. C20-5076-MAT, 2020 WL 6544628, at *2 (W.D. Wash. Nov. 6, 2020). However, ALJs are required to explain "how they considered other secondary medical factors [if] they find that two or more medical opinions about the same issue are equally supported and consistent with the record but not identical." *Tyrone*, 2020 WL 6363839, at *6 (citing 20 C.F.R. §§ 404.1520c(b)(2) and 404.1520c(b)(3)).

Furthermore, the court must continue to consider whether the ALJ's decision is supported by substantial evidence. *See Revisions to Rules*, 82 Fed. Reg. at 5852 ("Courts reviewing claims under our current rules have focused more on whether we sufficiently articulated the weight we gave treating source opinions, rather than on whether substantial evidence supports our final decision."); *see also* 42 U.S.C. § 405(g).

B.  *Analysis*

Plaintiff argues the ALJ erred in evaluating the opinion of treating physician Leslie Bryden, M.D.  (Pl.'s Br. at 4–12.)  Plaintiff argues the opinion of Dr. Bryden should be credited as true. The court disagrees.

In a questionnaire dated July 18, 2019, Dr. Bryden explained that she has been Plaintiff's primary care provider since August 2014, and his medical conditions include osteoarthritis of the cervical spine, fibromyalgia, obstructive sleep apnea, and depression with anxiety. Tr. 805. Dr. Bryden noted that Plaintiff's primary symptoms include chronic fatigue and pain especially in the neck and arms, and mild depression with anxiety. Tr. 805. Dr. Bryden opined Plaintiff can occasionally lift and/or carry less than ten pounds but cannot frequently lift and/or carry any weight, and Plaintiff can stand and/or walk two hours in an eight-hour day but only twenty minutes at a time. Tr. 806. Dr. Bryden also opined Plaintiff can sit two hours at a time and four hours during an eight-hour day, and the rest of Plaintiff's time is spent "lying down, resting" and he can "do about [one] thing per day" and "will have to take a break/lay down after about [twenty] minutes of yardwork." Tr. 806. Furthermore, Dr. Bryden stated Plaintiff can never push and/or pull, climb, balance, stoop/bend, kneel, crouch, crawl, reach overhead, but can occasionally reach shoulder height, handle, finger, and feel. Tr. 806. Dr. Bryden opined Plaintiff would be off-task 10% of a standard workweek, and he would miss at least two workdays per month from even a simple, routine job in relation to days where he has increased pain, poor sleep, or was too fatigued to work. Tr. 807. In a medical visit dated August 25, 2014, Dr. Bryden assessed Plaintiff with fibromyalgia, ADD, predominantly inattentive type, obstructive sleep apnea, and an adjustment disorder with depressed mood. Tr. 432–33. Dr. Bryden stated at the end of this visit that Plaintiff is capable of at least part-time work. Tr. 433. Dr. Bryden then opined that Plaintiff cannot do any physical labor or sit all day, but that he may be able to find part-time work with alternating sitting and standing. Tr. 433. The ALJ found the opinion of Dr. Bryden "unpersuasive." Tr. 21.

/ / / / /

1. Unsupported by Plaintiff's Medical Record

The ALJ found the opinion of Dr. Bryden was unsupported by Plaintiff's "treatment notes, which reflect no medication, without an exacerbation of his symptoms." Tr. 21 (citing Tr. 427). As supportability is one of the most important factors an ALJ must consider when determining how persuasive a medical opinion is, 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2), the ALJ's finding that the opinion of Dr. Bryden was not supported by Plaintiff's medical record was a relevant consideration.

The ALJ found this opinion poorly supported by the record as a whole. Specifically, Dr. Bryden noted Plaintiff "has not [been] on [anxiety] meds for about 1 year after going to jail," Tr. 422; his "pain has been a little worse lately with weather change," and "has been trying to deal with it though," and "has been trying to get some exercise still" by "walkign [sic] dogs" and "taking more breaks recently," Tr. 424. Furthermore, Dr. Bryden notes Plaintiff "is no longer on pain meds and has learned to cope with his pain which is consistantly [sic] at a level 3-4/10." Tr. 427. Thus, the ALJ's finding that plaintiff's medical record did not support the opinion of Dr. Bryden is supported by substantial evidence. *See Fisher v. Schweiker*, 568 F.Supp. 900, 903 (N.D. Cal. 1983) (stating that it is permissible to rely on a plaintiff symptom testimony as substantial evidence to reject a medical opinion).

2. Inconsistent with Plaintiff's Medical Record

The ALJ also rejected the opinion of Dr. Bryden for being inconsistent with the record as a whole. Tr. 21 (citing 805–808, 424–27).

Consistency is the other most important factor an ALJ must consider when determining how persuasive a medical opinion is. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). The more

consistent the opinion is with other medical sources, the more persuasive the opinion. 20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(2).

> The ALJ found this opinion inconsistent because the record
>
> reflects conservative treatment by the claimant's primary care physician. This opinion was not supported by the claimant's self-report from October of 2014 that he was managing his pain with exercising and walking the dogs[]. Additionally, the record reflects that that [sic] the claimant returned to work and thought that he was performing the job duties[].

Tr. 21 (citing 805–808, 424–27, 38–39). As stated above, the record includes statements from Dr. Bryden indicating Plaintiff "has not [been] on [anxiety] meds for about 1 year after going to jail," Tr. 422; and his "pain has been a little worse lately with weather change," and "has been trying to deal with it though," and "has been trying to get some exercise still" by "walkign [sic] dogs" and "taking more breaks recently," Tr. 424. Dr. Bryden also notes Plaintiff "is no longer on pain meds and has learned to cope with his pain which is consistantly [sic] at a level 3-4/10." Tr. 427. Thus, the ALJ's finding that plaintiff's medical record does not support the opinion of Dr. Bryden is supported by substantial evidence. Thus, the ALJ's finding that plaintiff's medical record is inconsistent with the opinion of Dr. Bryden is supported by substantial evidence.

Although Plaintiff argues for a different interpretation of the record and cites evidence in support of his argument that Plaintiff's medical record does not contradict Dr. Bryden's opinion, the court affirms the ALJ's finding because it was reasonable and supported by substantial evidence. *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) (variable interpretations of the evidence are insignificant if the ALJ's is reasonable).

In sum, the ALJ satisfied the supportability and consistency consideration and articulation requirements. 20 C.F.R. §§ 404.1520c(b), 416.920c(b). Thus, the ALJ's rejection of Dr. Bryden's opinion is supported by substantial evidence, and, accordingly, the ALJ did not err.

IV.     The ALJ's Step Five Finding are Supported by Substantial Evidence

Plaintiff assigns error to the ALJ's step five finding.  Specifically, Plaintiff argues, using Job Browser Pro, the 2018 data shows there were 5,323 jobs in the national economy for the occupation of an Assembler Electrical Accessories and 4,516 jobs in the national economy for the occupation of an Office Helper, and therefore the wide discrepancy between the job numbers provided by the VE and the job numbers provided by the Plaintiff meets the standard required for a remand.  (Pl.'s Br. at 16–18.)  The ALJ accepted the VE's testimony that there were 35,000 jobs in the national economy for the occupation of an Assembler Electrical Accessories and 41,000 jobs in the national economy for the occupation of an Office Helper.  Tr. 22–23, 44–45.

The Plaintiff must contest jobs numbers at the ALJ hearing to preserve the issue on appeal. "[W]hen a claimant fails entirely to challenge a vocational expert's job numbers during administrative proceedings before the agency, the claimant waives such a challenge on appeal, at least when that claimant is represented by counsel.  Specifically, our holding encompasses challenges based on an alleged conflict with alternative job numbers gleaned from the CBP [County Business Patterns] or the OOH [Occupational Outlook Handbook]."  *Shaibi v. Berryhill*, 883 F.3d 1102, 1109 (9th Cir. 2017).

Here, when the ALJ asked if he had any questions for the VE, Plaintiff replied:  "Just one, Your Honor.  And just again, housekeeping, what's the source of your job numbers?"  Tr. 46. The VE responded "[t]his comes from Job Browser, the records from the Job Browser."  Tr 46. Plaintiff then said "[t]hank you, Doctor," and there were no further questions.  Tr. 46.  In *Shaibi v. Berryhill*, the Ninth Circuit stated:

> We do not suggest that a claimant must, within minutes of a VE's initial testimony, cross-examine a VE with specific alternative job calculations based on the CBP, OOH, or other published sources.  It is enough to raise the job-numbers issue in a

general sense before the ALJ. A claimant may do so by inquiring as to the evidentiary basis for a VE's estimated job numbers, or inquiring as to whether those numbers are consistent with the CBP, OOH, or other sources listed in 20 C.F.R. § 404.1566(d). If that is done, an ALJ, on request, ordinarily would permit the claimant to submit supplemental briefing or interrogatories contrasting the VE's specific job estimates with estimates of the claimant's own. *See Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 451 (2d Cir. 2012). If the ALJ declines to do so, a claimant may raise new evidence casting doubt on a VE's job estimates before the Appeals Council, provided that evidence is both relevant and "relates to the period on or before the ALJ's decision." *See Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1162 (9th Cir. 2012).

883 F.3d at 1110. Here, for "housekeeping" reasons, Plaintiff inquired about the VE's source. The ALJ left the record open for fourteen days and Plaintiff failed to supplement the record concerning the VE testimony. Therefore, Plaintiff waives such a challenge on appeal. Thus, the ALJ's step five findings are supported by substantial evidence.

*Conclusion*

Based on the foregoing, the Commissioner's final decision is AFFIRMED.

IT IS SO ORDERED.

DATED this 31st day of January, 2022.

_____
JOHN V. ACOSTA
United States Magistrate Judge