UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

JAMES A. B.,

                  Plaintiff,

    v.

COMMISSIONER SOCIAL SECURITY ADMINISTRATION,

                  Defendant.

Case No. 3:20-cv-01158-AR

**ORDER DENYING EAJA FEES**

---

**ARMISTEAD, Magistrate Judge**

Pending before the court is plaintiff James A. B.'s (last name omitted for privacy) application for attorney fees in the amount of $6,526.10 under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. The Commissioner opposes an award of fees, contending that its position was substantially justified.[1] As explained below, the court agrees with the Commissioner and plaintiff's application is denied.

---

[1] All parties have consented to allow a Magistrate Judge to enter final orders and judgment

Page 1 – ORDER DENYING EAJA FEES

## BACKGROUND

Plaintiff alleged disability under Title II due to fibromyalgia, back pain, depression, anxiety, and attention-deficit disorder beginning January 16, 2013. His application was denied initially and on reconsideration. In August 2019, an administrative law judge (ALJ) issued a decision finding plaintiff not disabled. At step five, relying on testimony from the vocational expert (VE), the ALJ found that jobs exist in significant numbers that plaintiff can perform, including two representative occupations: Assembler Electrical Accessories and Office Helper with approximately 35,000, and 41,000 jobs in the national economy, respectively. (Tr. at 44-45.) At the hearing, plaintiff's attorney asked the VE about the source of his job numbers, to which the VE responded, "Job Browser." (Tr. 46.) Although the ALJ kept the hearing open for 14 days, plaintiff did not submit supplemental evidence disputing the VE's testimony and job numbers. (Tr. at 32.)

Requesting review of the ALJ's decision by the Appeals Council, plaintiff submitted briefing that challenged the ALJ's step-five findings and submitted additional evidence. He argued that when the representative occupations' job numbers are calculated using Job Browser Pro software, the 2018 data for Assembler Electrical Accessories lists only 5,323 jobs nationwide and Office Helper lists only 4,516 jobs nationwide. (Tr. 292.) According to plaintiff, those combined 9,839 positions did not qualify as a "significant number" under controlling Ninth Circuit case law, and that the ALJ's decision must be reversed or remanded. (Tr. 292.) The

---

in this case under Federal Rule of Civil Procedure 73 and 28 U.S.C. § 636(c). The Opinion and Order affirming the ALJ's decision was written by Magistrate John V. Acosta. On December 7, 2022, this case was reassigned to this court. (Notice of Case Reassignment, ECF No. 29.)

Page 2 – ORDER DENYING EAJA FEES

supplemental administrative record reflects that plaintiff's attorney submitted printouts of the job description for Assembler, Electrical Accessories I, and Office Helper with information containing counsel's stated employment estimates. (Tr. at 809-12.) On May 13, 2020, the Appeals Council denied plaintiff's request for review, stating that the evidence "does not show a reasonable probability that it would change the outcome of the decision" and the Appeals Council "declined to exhibit the evidence." (Tr. at 1-2.)

Plaintiff timely filed in district court, seeking review of the Commissioner's decision. Plaintiff alleged that the ALJ erred in three ways: (1) evaluating his subjective symptom testimony, (2) evaluating his treating physician's opinion, and (3) the step-five findings were not supported by substantial evidence. On January 31, 2022, Judge Acosta affirmed the ALJ's decision. (Op. & Order, ECF No. 18.) Plaintiff argued at step five that the Job Browser Pro 2018 data revealed that the Assembler Electrical Accessories I and Office Helper lists 5,323 jobs and 4,516 jobs in the national economy, respectively. In plaintiff's view, the wide discrepancy between the numbers provided by the VE (between 35,000 and 41,000 jobs) required a remand. (*Id.* at 15.) Judge Acosta disagreed. He concluded that, because plaintiff asked the VE about the source of the job numbers as a matter of "housekeeping" but failed to provide the ALJ with supplemental evidence or briefing, his challenge to the step-five findings were not preserved. *See Shaibi v. Berryhill*, 883 F.3d 1102, 1110 (9th Cir. 2017) (holding that claimants must challenge the accuracy of the VE's numbers "at some point during administrative proceedings to preserve the challenge on appeal in federal district court"). Judge Acosta determined that "the ALJ left the record open for fourteen days and plaintiff failed to supplement the record concerning the VE testimony" and, consequently, he waived his step-five challenge, and affirmed the ALJ's

decision. (Op. & Order, at 15-16.) Plaintiff appealed Judge Acosta's ruling to the Ninth Circuit Court of Appeals, challenging only the ALJ's step-five findings. (Notice of Appeal, ECF No. 20.)

While plaintiff's appeal was pending, the Ninth Circuit decided *White v. Kijakazi*, 44 F.4th 828 (9th Cir. 2022). In *White*, the Ninth Circuit determined that evidence submitted by a claimant's attorney to the Appeals Council in the first instance showing job numbers in the national economy that varied significantly from the VE's testimony, yet using the same software program as the VE, created an inconsistency requiring remand to the ALJ. *White*, 44 F.4th at 830. On October 26, 2022, the Ninth Circuit granted the parties' stipulated motion to vacate and to remand the case for further administrative proceedings. (Order, ECF No. 21.)

On November 23, 2022, plaintiff filed an application for attorney fees under the EAJA. (App. EAJA Fees, ECF No. 24.) The Commissioner opposes an award of attorney fees because: (1) the Commissioner's position was substantially justified at the time the decisions were rendered; and (2) the requested amount of fees is unreasonable. (Def.'s Resp. at 2, 9, ECF No. 28.) On December 21, 2022, plaintiff filed a reply (ECF No. 31), which the Commissioner moves to strike because plaintiff seeks additional fees which must be supported by a separate filing under Local Rule 7-1(b), and because plaintiff failed to confer properly about the additional fees under Local Rule 7-1(a). (Def.'s Mot. Strike at 2-3, ECF No. 32.)

## LEGAL STANDARDS

The EAJA permits a court to award attorney fees and expenses to a prevailing party in an action brought against the United States "unless the court finds the position of the United States is substantially justified or that special circumstances make an award unjust." 28 U.S.C. §

2412(d)(1)(A); *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 158 (1990). "The government has the burden of showing that its position was substantially justified." *Gardner v. Berryhill*, 856 F.3d 652, 656 (9th Cir. 2017); *Meier v. Colvin*, 727 F.3d 867, 870 (9th Cir. 2017). Substantial justification means "justified in substance or in the main – that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). To be substantially justified, the government's position must have "a reasonable basis both in law and fact." *Meier*, 727 F.3d at 870. "The test is not whether the government was correct, but whether it was for the most part justified in taking the position that it did. A position that was not contrary to clearly established law is thus substantially justified." *Meza-Vazquesz v. Garland*, 993 F.3d 726, 729 (9th Cir. 2021) (simplified).

"The position of the United States includes both the government's litigation position and the underlying agency action." *Campbell v. Astrue*, 736 F.3d 867, 868 (9th Cir. 2013). "In the social security context, we have consistently treated the ALJ's decision as the 'action or failure to act by the agency upon which the civil action is based[.]'" *Meier*, 727 F.3d at 870. When examining substantial justification, the court considers the case "as an inclusive whole" and makes a "single finding." *Ibrahim v. U.S. Dep't of Homeland Sec.*, 912 F.3d 1147, 1153 (9th Cir. 2019).

The Ninth Circuit has discussed the application of substantial justification in the context of the government's voluntary remand for further agency action. *Meza-Vazquez*, 993 F.3d at 729; *Li v Keisler*, 505 F.3d 913, 919 (9th Cir. 2007). "When the government seeks a voluntary remand, we evaluate substantial justification based on whether the request was motivated by 'subsequent, novel considerations,' which undercut a previously justified agency action." *Id.*

(quoting *Li*, 505 F.3d at 919). In such situations, if the Commissioner's decisions "were not contrary to controlling law at the time the decisions were rendered, and intervening case law has undercut the basis for those decisions, the government's position was and is substantially justified." *Id.* The Ninth Circuit explained that that rationale ensures the government is not penalized for seeking a remand when "'intervening case law or new facts have legitimately rendered the underlying result legally suspect or otherwise unjust.'" *Id.* (quoting *Li*, 505 F.3d at 920).

## DISCUSSION

The parties dispute the import of *White* and whether it is intervening case law. The Commissioner contends that, before *White*, lay evidence submitted to Appeals Council in the first instance was insufficient to undermine the testimony of the VE on job numbers and that, consequently, *White* changed the legal landscape. (Def.'s Resp. at 5.) In the Commissioner's view, before *White*, there was no binding authority holding that the Commissioner was required to resolve competing job numbers submitted by a claimant's counsel to the Appeals Council in the first instance.

Plaintiff responds that the Commissioner's position in this case is not substantially justified because *White* simply applied earlier two earlier Ninth Circuit cases, *Buck v. Berryhill*, 869 F.3d 1040 (9th Cir. 2017), and *Shaibi*, 883 F.3d at 1103. Plaintiff argues that *Buck* established that vocational rebuttal evidence must be addressed when it is from the same source that the VE used and shows a "vast discrepancy" in the numbers, and that *Shaibi* established that a claimant must raise a challenge to the accuracy of a VE's numbers during the administrative proceedings to preserve the challenge on appeal. Because plaintiff believes that he met the

criteria of *Buck* and *Shaibi* – like the claimant in *White* – he asserts that the Appeals Council was obligated to address his rebuttal evidence under governing law well before the *White* decision. The Commissioner is correct that, before the Ninth Circuit's decision in *White*, there was a lack of controlling precedent on whether counsel's numbers challenging VE testimony submitted to the Appeals Council in the first instance required remand and its position was substantially justified.

A VE's testimony is considered "inherently reliable," and "a qualified vocational expert's testimony as to the number of jobs existing in the national economy that a claimant can perform is ordinarily sufficient by itself to support an ALJ's step-five finding." *Ford v. Saul*, 950 F.3d 1141, 1160 (9th Cir. 2020). Before *White*, several decisions by the Ninth Circuit and district courts had determined that lay evidence contesting the VE's job numbers and submitted to the Appeals Council in the first instance was insufficient to require remand. For example, in *Kremlingson v. Saul*, 800 F. App'x 531, 532-33 (9th Cir. 2020), the Ninth Circuit rejected a step-five challenge to the VE's number of jobs available. There, the claimant challenged the VE's testimony about the number of jobs available, noting that the claimant failed to submit expert analysis or a declaration to the ALJ, and at the Appeals Council, submitted "only her lay interpretation of numbers she found online." *Id.* at 533.

In *Rochelle S. v. Comm'r Soc. Sec. Admin.*, Case No. C20-5532-MAT, 2021 WL 252925 (W.D. Wash. Jan. 25, 2021), the claimant submitted expert vocational testimony to the Appeals Council in the first instance showing that, using Job Browser Pro software, far fewer jobs were available in the national economy than the VE reported to the ALJ. On review, the district court concluded that the claimant's expert evidence did not undermine the reliability of VE's

testimony and did not require remand. *Id.* at *6. Subsequently, the Ninth Circuit affirmed. *Stanley v. Kijakazi*, 2022 WL 1153935, at *1 (9th Cir. Apr. 19, 2022) ("[W]e find that Stanley's post-hearing evidence does not undermine the ALJ's determination[.]").

In *Amy Elizabeth L. v. Comm'r Soc. Sec. Admin.*, Case No. 1:20-cv-01638-CL, 2022 WL 2354580 (D. Or. June 30, 2022), Magistrate Judge Mark D. Clarke rejected a nearly identical challenge to the VE's job numbers as presented in this case. Judge Clarke noted that the claimant's attorney challenged the VE's job numbers at the hearing before the ALJ and submitted evidence to the Appeals Council from Job Browser Pro that showed far fewer job numbers existed (1,045 versus 174,000 as the VE testified). *Id.* at *5. Judge Clarke determined that the claimant did not support her "challenge to the VE's testimony with any expert analysis or declaration" and that the court would not credit the claimant's "lay interpretation of raw statistical data over the expertise of the VE" and affirmed the ALJ's decision. *Id.* at *6. Subsequently, the Ninth Circuit affirmed the denial of benefits, holding that merely pulling job numbers from Job Browser Pro for three enumerated jobs was not significant or probative because the VE testified that the jobs identified were simply "illustrative, and not exhaustive." *Lloyd v. Kijakazi*, 2023 WL 4044415, at *1 (9th Cir. June 16, 2023).

Additionally, while plaintiff's appeal was pending, the Ninth Circuit decided *Kilpatrick v. Kijakazi*, 35 F.4th 1187 (9th Cir. 2022). In *Kilpatrick*, the Ninth Circuit determined that the claimant's counsel's submission to the Appeals Council providing different national job numbers from those of the VE did not qualify as "significant probative evidence." *Id.* at 1189. The *Kilpatrick* court rejected the claimant's argument that *Buck* required a remand:

> Unlike in *Buck*, Kilpatrick's attorney did not replicate the VE's same methodology. It is thus not surprising that Kilpatrick's different approach led to

> different results. And there is no basis to conclude that these results qualified as significant probative evidence that the ALJ was required specifically to address. Kilpatrick's attorney, Mr. Anderson, had no identified expertise in calculating job figures in the national economy.

Id. at 1194.

As those decisions reveal, both before and after Judge Acosta's January 31, 2022 Opinion and Order affirming the denial of benefits, there was no clear authority requiring a remand based on post-hearing submissions by an attorney challenging the VE's job numbers. Given that the *Kilpatrick* court rejected a nearly identical extension of *Buck* as determined in *White* and as advocated by plaintiff, the contention that *White* should not qualify as intervening law is not well-taken. The Commissioner's position during the agency proceedings and during the district court proceedings was reasonably based in the law. Gonzales v. Free Speech Coal., 408 F.3d 613, 618-20 (9th Cir. 2005) ("[S]ubstantially justified means there is a dispute over which reasonable minds could differ.") (quotation omitted).

Additionally, prior to *White*, it was unclear if plaintiff needed to raise the job numbers issue with the ALJ before submitting competing evidence to the Appeals Council. In *Shaibi*, the Ninth Circuit explained that a claimant must "raise the job-numbers issue in a general sense before the ALJ" and request that the administrative record be kept open, and in the absence of permission, the claimant could submit the conflicting evidence to the Appeals Council. Shaibi, 883 F.3d at 1110. As one district court aptly observed, *Shaibi* did not resolve whether a claimant waives the competing job numbers issue if it is not asserted before the ALJ. Shawn P. v. Kijakazi, Case No. 20cv1054-MSB, 2021 WL 4460646, at *9 (S.D. Cal. Sept. 29, 2021). The *Shawn P.* court noted that "[t]he Ninth Circuit has not published a case on point," "the unpublished cases are inconsistent," and the "[d]istrict court decisions reflect a similar lack of

Page 9 – ORDER DENYING EAJA FEES

consensus." *Id.* at *9-10 (collecting cases). As noted above, Judge Acosta determined that the jobs number issue was waived because plaintiff's attorney asked generally about the source of the VE's testimony but failed to submit any additional evidence to the ALJ that undermined the VE's testimony. (Op. & Order at 15-16.) It is clear from the inconsistent cases interpreting *Shaibi* that, before *White*, reasonable minds could differ as to whether failing to submit the lay evidence to the ALJ and presenting it to Appeals Council in the first instance preserved the issue for the district court's review. Thus, the Commissioner's position has a reasonable basis in fact.

Finally, the court is persuaded by the rationale in *Shawna Marie H.*, Case No. 6:21-cv-00001-JR, 2022 WL 18024955, (D. Or. Dec. 30, 2022), and *White v. Comm'r Soc. Sec. Admin.*, Case No. 2:19-cv-01498-AC, 2023 WL 1478016 (E.D. Cal. Feb. 2, 2023), *appeal filed* (9th Cir. Mar. 10, 2023). In *Shawna Marie H.*, the court determined that the Commissioner's position was substantially justified and denied an award of attorney fees under the EAJA.[2] "Plaintiff has not cited to, and the Court is not aware of, any binding, on-point precedent existing prior to *White* suggesting that remand was warranted based on the ALJ's purported error at step five." *Shawna Marie H.*, 2022 WL 18024955, at *3. And in *White* – after the Ninth Circuit issued the intervening decision at issue here – the district court determined that the Commissioner's position was substantially justified and denied the claimant's EAJA attorney fees request. "The court recognizes that the 'substantially justified' exception to EAJA fees has the very unfortunate effect of depriving counsel of fees when they are perhaps most deserved: instances in which

---

[2] The parties agree that the issues presented in *Shawna Marie H.* and *Vera S.v. Comm'r Soc. Sec. Admin.*, Case No. 6:20-cv-01466-AR, are like those here, especially concerning EAJA fees and whether the Commissioner's position was substantially justified. (Pl.'s Reply at 8; Def.'s Resp. at 2 n.1.)

plaintiff's counsel successfully alters or extends the state of the law on appeal to a Circuit Court." *White*, 2023 WL 1478016, at *3.

Consequently, the Commissioner's decisions "were not contrary to controlling law at the time the decisions were rendered, and intervening case law has undercut the basis for those decisions, the government's position was and is substantially justified." *Meza-Vazquez*, 993 F.3d at 729 (holding that government's position was substantially justified and denying EAJA fees).[3]

## CONCLUSION

For the above reasons, plaintiff's application for fees under the EAJA (ECF No. 24) is DENIED. The Commissioner's motion to strike the reply (ECF No. 32) is DENIED as MOOT.

IT IS SO ORDERED.

DATED: August 29, 2023.

_____
JEFF ARMISTEAD
United States Magistrate Judge

---

[3] Because the Commissioner's position was substantially justified, the court declines to address whether plaintiff's requested amount of fees was reasonable.

Page 11 – ORDER DENYING EAJA FEES